UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No.:  19-CR-10308-ADB |
| | ) |
| DANTE MIRABELLA | ) |
| | ) |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States respectfully submits this memorandum in support of its sentencing recommendation for the Defendant Dante Mirabella ("Mirabella" or "Defendant") of incarceration for 96 months and supervised release for 48 months as well as forfeiture and restitution as set forth in the amended plea agreement (the "Modified Plea Agreement") (attached as Exhibit A).

*Background*

On November 2, 2021, the Defendant pled guilty to the three-count indictment charging him with interfering with commerce by threats of violence, in violation of 18 U.S.C. § 1951, using, carrying, and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

There is no dispute that (1) the Defendant's guidelines sentencing range ("GSR") is 27-33 months imprisonment on Counts One and Three, followed by a consecutive sentence of 84 months imprisonment on Count Two, and (2) the Offense Conduct set forth in the Presentence Investigation Report ("PSR"), *see* ¶¶ 7-15, is accurate.

The parties have submitted the proposed Modified Plea Agreement for the Court's consideration. In the Modified Plea Agreement, the parties corrected the previously miscalculated

GSR. In light of this change to the GSR, the parties modified their previous recommendation of 96 months imprisonment to a range of 88-96 months imprisonment.

The Government recommends a below-guidelines of sentence of 96 months' imprisonment based upon the factors outlined in 18 U.S.C. § 3553(a), namely, the history and characteristics of the Defendant, the nature and seriousness of the offense, and the need to provide just punishment and deterrence. The Defendant has requested an 88-month sentence. For the reasons set forth below, the Court should reject that request and impose a 96-month sentence.

### *Discussion of the § 3553(a) Factors*

*First*, the nature and circumstances of the offense warrant a substantial sentence. On May 29, 2019 and May 30, 2019, the Defendant went on a violent, armed robbery spree in Boston. In all, over this roughly two-day period, the defendant committed three armed robberies and stole approximately $1,000 from several unsuspecting victims.

On May 29, at approximately 12:30 A.M., the Defendant approached two people outside of a restaurant, brandished a firearm and demanded that they give him the "cash bag." One of the victims told the Defendant that he did not have the cash bag and when the Defendant reiterated his demand, the victim gave the Defendant $115 in cash that he had collected in tips. The same day, at approximately 11:00 P.M., the Defendant approached a parking attendant in downtown Boston, grabbed the victim's arm and stated "You know what this is" while pulling a handgun from his wasteland. The Defendant stated, "Get in the [expletive] booth" and "give me the money." The victim gave the Defendant $500 of his own money. The Defendant then said that he wanted the night money, but the victim explained that he already turned it in.

The next day (May 30), at around 7:00 P.M., the Defendant robbed Bob's Grocery in the North End. The Defendant entered the store, brandished a handgun, and demanded money. The

2

cashier gave him approximately $300-$400 from the cash register and Keno register, and a customer standing at the counter gave the Defendant approximately $120 of his own cash. When viewed together, these three robberies over a roughly two-day period demonstrate a pattern of disturbing and dangerous conduct.

*Second*, the history and characteristics of the defendant similarly counsel in favor of a meaningful sentence in this case. The instant offense was not the first time that the Defendant has committed a violent robbery. As set forth in the PSR, in 2006, the Defendant robbed a gas station in Reading, Massachusetts. ¶ 43. He brandished a knife and demanded access to the cash register. The Defendant then brazenly bound the victim's hands and legs with zip ties and covered her mouth with duct tape. The Defendant served approximately four years in prison for this crime. While this is the only conviction that scores for guidelines purposes, it is notable that the defendant has additional, older convictions from 1990 through 2005 that involve theft or violence, such as larceny, assault with a dangerous weapon, receiving stolen property, and breaking and entering.

In his sentencing submission, the Defendant points to both his age and drug addiction as mitigating factors for the Court's consideration. The government agrees that these are mitigating factors and that is why it has consistently recommended a below-guidelines sentence. A below guidelines sentence of 96 months sufficiently accounts for these mitigating factors while also recognizing the seriousness and dangerousness of the instant offense as well the defendant's sustained history of criminal conduct.

## CONCLUSION

For these reasons, the Government recommends that, in addition to the seven-year mandatory minimum sentence in this case, the Court should sentence the Defendant to an additional 12-months' imprisonment.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

By: /s/ *Benjamin A. Saltzman*
Benjamin A. Saltzman
Assistant U.S. Attorney

## **CERTIFICATE OF SERVICE**

      I, Benjamin A. Saltzman, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                          /s/ *Benjamin A. Saltzman*
                                          Benjamin A. Saltzman
                                          Assistant United States Attorney