UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| | * | |
| v. | * | |
| | * | |
| DANTE MIRABELLA, | * | Criminal Action No. 19-cr-10308-ADB |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |

## MEMORANDUM AND ORDER ON DEFENDANT'S
## MOTION FOR COMPASSIONATE RELEASE

BURROUGHS, D.J.

Currently before the Court is Dante Mirabella's ("Mirabella") motion for compassionate release.  [ECF No. 124].  For the reasons set forth below, the motion is DENIED.

## I.    FACTUAL BACKGROUND

On November 2, 2021, Mirabella pled guilty, pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), to one count each of interfering with commerce by threats of violence (Count One), using and brandishing a firearm during a crime of violence (Count Two), and of being a felon in possession of a firearm (Count Three).  [ECF Nos. 1, 91, 112].  The charges arose from his armed robbery of a convenience store—one of three armed robberies committed by Defendant in May 2019.  [ECF No. 1].  At sentencing, the Court, in accordance with the terms of the "C" plea, found his advisory guideline sentencing range to be 27–33 months to be followed by a mandatory consecutive 84 months, resulting in an overall advisory guideline sentencing range of 111–117 months.  See [ECF No. 117].  The Government recommended a sentence of 96 months, and Mirabella sought a sentence of 88 months.  See [ECF Nos. 104, 107].  On May 2, 2022, the Court imposed a sentence of 92 months.  [ECF No.

112].  Shortly thereafter, following a defense request to amend the sentence, which was not opposed by the government, see [ECF No. 114], the Court amended the judgement to require 88 months incarceration, [ECF No. 116].  Less than one year later, Mirabella filed, pro se, the instant motion for compassionate release.  [ECF No. 124].

For purposes of this motion, the Court assumes familiarity with the ongoing COVID-19 pandemic, the risk to inmates within the federal prison system, and the now widespread availability of vaccines that help to prevent or moderate cases of COVID-19.

## II.   PROCEDURAL BACKGROUND

Mirabella represents that he has exhausted his administrative remedies, and the government does not dispute this.  On March 16, 2023, he filed the instant motion, asking the Court to reduce his sentence and release him to home confinement.  [ECF No. 124].  The Government opposed the motion on March 31, 2023.  [ECF No. 125].

## III.   DISCUSSION

Mirabella seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), largely based on harsh conditions of imprisonment, family circumstances, acceptance of responsibility, and rehabilitation, considered alongside the factors enumerated at 18 U.S.C. § 3553(a).[1]  See [ECF No. 124 at 1].  None of these factors considered alone nor in combination warrants his release, particularly in light of the short duration of his incarceration as measured against his sentence.

Previously, incarcerated defendants could seek release under this statute only upon motion of the Bureau of Prisons ("BOP").  The First Step Act of 2018, however, amended that

---

[1] He also cites intervening changes of law or fact as grounds for release but does not develop an independent argument for this rationale.  The Court understands the changed facts to refer to the asserted changes in his family circumstances.

provision to allow prisoners to seek relief directly from the courts once they have exhausted their

administrative remedies.  Section 3582(c)(1)(A) now provides that

> [t]he Court may not modify a term of imprisonment once it has been imposed
> except that . . . in any case . . . the [C]ourt, upon motion of the Director of the
> Bureau of Prisons, or upon motion of the defendant after the defendant has fully
> exhausted all administrative rights to appeal a failure of the Bureau of Prisons to
> bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of
> such a request by the warden of the defendant's facility, whichever is earlier, may
> reduce the term of imprisonment . . . after considering the factors set forth in [18
> U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . .
> (i) *extraordinary and compelling reasons* warrant such a reduction . . . and that such
> a reduction is consistent with applicable policy statements issued by the Sentencing
> Commission . . . .

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

Section 1B1.13 of the Sentencing Guidelines further explains that the Court may reduce a

defendant's sentence if, after considering the factors in 18 U.S.C. § 3553(a), the Court

determines that

> (1)(A) extraordinary and compelling reasons warrant the reduction; . . .
> (2) the defendant is not a danger to the safety of any other person or to the
> community, . . . ; and
> (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

Mirabella has the burden of proving that he is entitled to relief under 18 U.S.C. § 3582.

United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased

punishment, he or she has the burden of showing that the circumstances warrant that decrease.").

To meet this burden, he must satisfy three requirements.  See United States v. Jackson, 468

F.Supp.3d 59, 62 (D.D.C. 2020).  First, he must show that "extraordinary and compelling

reasons" warrant his release; second, he must show that release is consistent with the Sentencing

Commission's policy, which requires showing that he is not a danger to the safety of any other

person or the community; finally, he must show that the sentencing factors in 18 U.S.C. § 3553(a) justify release.  Id.

Thus, the Court must now determine whether "extraordinary and compelling reasons" support compassionate release, consistent with the § 3553(a) sentencing factors and the Sentencing Commission's policy.  18 U.S.C. § 3582(c)(1)(A).

## A.    "Extraordinary and Compelling Reasons" Under 18 U.S.C. § 3582(c)(1)(A)

The Sentencing Guidelines recognize that compassionate release due to extraordinary and compelling reasons may be appropriate in cases where, for example, family circumstances or the defendant's age or health make release appropriate.  U.S.S.G. § 1B1.13 cmt. n.1(A)–(C).  Courts have found that the Sentencing Guidelines set forth a non-exhaustive list and that release may also be warranted under the policy's "catch-all provision that allows for compassionate release when 'there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with' the other enumerated reasons."  United States v. Guzman Soto, No. 18-cr-10086, 2020 WL 2104787, at *3 (D. Mass. May 1, 2020) (quoting U.S.S.G. § 1B1.13 cmt. n.1(D)).

Mirabella first asserts that he has suffered particularly harsh conditions of confinement due to the COVID-19 pandemic.  He recognizes that this is not an independent ground for release but asks that it be considered in combination with "other issues."  [ECF No. 124 at 3]. The Court cannot discern anything particularly harsh about Defendant's circumstances of incarceration and specifically nothing that was not known or anticipated by the Court at sentencing.

Mirabella also states that he has taken responsibility for his crimes and cites to his rehabilitative efforts while in confinement.  [ECF No. 124 at 5–7].  The Court applauds Mirabella and hopes that he will continue to pursue such endeavors, but does not find that these

considerations, alone or together, qualify as an extraordinary and compelling factor that would warrant release at this time.

Finally, Mirabella discusses his family circumstances, which seem to be his primary motivator in seeking release to home confinement.  [ECF No. 124 at 4–5].  Although the Court is sympathetic to the challenges of having an ailing parent who requires care and support, the situation outlined by Mirabella is not sufficiently compelling or well documented to warrant compassionate release. The Court was aware of Mirabella's father's illness at the time of sentencing and gave it due weight at that time. It is no doubt true that incarceration can often pose as great a hardship on family members as it does on an incarcerated defendant, but this is generally not enough to justify an early release—particularly when such a small percentage of the sentence has been served. Thus, the Court finds that Mirabella has failed to meet his burden of demonstrating "extraordinary and compelling reasons" that would justify his early release.

### B.    Dangerousness and the § 3553(a) Factors

Although Mirabella has failed to meet his initial burden, in the interest of a complete record, the Court will briefly address the other factors.

First, the Court must consider whether Mirabella is "a danger to the safety of any other person or to the community."  U.S.S.G. § 1B1.13(2).  Here, given Mirabella's personal and criminal history (and despite his laudable post-conviction rehabilitative efforts), the Court cannot conclude that he, if released, would not pose a danger to the safety of the community.

Second, the Court must "consider[] the factors set forth in section 3553(a)," 18 U.S.C. § 3582(a), including:

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;
(2)    the need for the sentence imposed—

> (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B)  to afford adequate deterrence to criminal conduct;
>
> (C)  to protect the public from further crimes of the defendant; and
>
> (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> . . .
>
> (4)  the kinds of sentence and the sentencing range established [under the applicable guidelines sections]
>
> . . . [and]
>
> (6)  the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

18 U.S.C. § 3553(a).  The Court weighs these factors against the reasons favoring Mirabella's immediate release.  United States v. Ebbers, 432 F. Supp. 3d 421, 430–31 (S.D.N.Y. 2020) ("[I]n considering the section 3553(a) factors, [the court] should assess whether those factors outweigh the 'extraordinary and compelling reasons' warranting compassionate release, particularly whether compassionate release would undermine the goals of the original sentence.").

Releasing Mirabella early, given his reasons stated in support and his already below guideline sentence, would be inconsistent with the purposes of sentencing including punishment and deterrence.  Although the Court sympathizes with his familial situation, at present, there is no adequate justification for reducing his sentence.  Mirabella's crimes warrant the sentence imposed, particularly the fact that he brandished a weapon.

## IV.  CONCLUSION

The Court finds that Mirabella has failed to meet his burden of demonstrating that compassionate release is justified.  His recourse remains with the Warden or, perhaps, another motion with the Court if circumstances change and more time passes.  Accordingly, Mirabella's motion for compassionate release, [ECF No. 124], is DENIED.

**SO ORDERED.**

August 16, 2023

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE